IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KAREN HAMILTON,
         Plaintiff,

v.                                                  Civil Action No. 3:19-cv-372

ANDREW NEWBY, et al.,
         Defendants.

## OPINION

Karen Hamilton, proceeding pro se and *in forma pauperis*, has sued various officials in Henrico County, Virginia, alleging that she has suffered discrimination and mistreatment as a low-income female resident. The defendants have moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Hamilton's amended complaint fails to state any cognizable claim for relief, the Court will dismiss this case with prejudice.[1]

## I. FACTS ALLEGED IN THE AMENDED COMPLAINT

Hamilton has lived in Henrico County, Virginia (the "County"), for twenty years. In this case, she asserts various grievances about her status as a low-income resident and the County's decisions related to growth and development. Although rambling and disjointed, the allegations in Hamilton's amended complaint generally fall into three categories: (1) Hamilton's interactions with the police while hitchhiking; (2) the County's management decisions and use of public funds; and (3) the alleged discrimination she suffers as a low-income female resident. The Court sets forth Hamilton's allegations in that order.

---

[1] In her brief in response to the defendants' motion to dismiss, Hamilton acknowledges that she did not intend to name Andrew Newby as a defendant. (*See* Dk. No. 12, at 1.) The Court will dismiss this case as to all defendants because Hamilton fails to state any claim for relief. The Court will dismiss Newby as a defendant for the additional reason that Hamilton improperly named him as a party to this case.

1

### A. *Hamilton's Interactions with the Police While Hitchhiking*

Because Hamilton does not own a car, she often travels on foot or hitchhikes. When she hitchhikes, the police "frequently stop [her], asking for identification." (Am. Compl. ¶ 1.) She says that the police lack any valid basis to stop her, and that "[t]he County is only concerned with the appearance of poverty." (*Id.*)

### B. *The County's Management Decisions and Use of Public Funds*

Hamilton asserts numerous facts about the County's decisions regarding growth and development and alleged misuse of public funds. First, Hamilton alleges that the County maintains "dangerous roads." (*Id.* ¶ 3.) She asserts that Steven Yob, the Director of Public Works, is responsible for the dangerous road conditions.

Second, Hamilton sets forth various allegations regarding growth and development in the County. She alleges that the County approved a residential development that "has at least 6 houses with failing septic systems." (*Id.* ¶ 5.) The County approves large-scale commercial and residential development, but "refuse[s] to allow access to roads." (*Id.*) By approving "zoning for expensive homes," the County "encourages segregation and gentrification." (*Id.*) Hamilton asserts that the County's decision to allow developers to build apartments and condominiums "deprive[s] students of a learning tool" by destroying nature, (*id.* ¶ 9), and "discriminates against disabled and poor people," (*id.* ¶ 11).

Hamilton further alleges that Tommy Branin, who serves on the County Board of Supervisors, "wants to pave walking paths in parks," which causes her to "worry about falling on asphalt and the cost." (*Id.*) Branin also "wants to widen Kain Road," which will cause Hamilton to "lose the [p]eaceful enjoyment of [her] home." (*Id.* ¶ 18.) Additionally, the County bought "205 acres on Kain Road," which Hamilton says "should be used as a natural park." (*Id.* ¶ 12.)

2

Hamilton also says that the County should use its empty buildings to build "Enterprise Zones." (*Id.* ¶ 15.) She requested documents "pertaining to the purchase of the former Best Products headquarters," but the County has failed to comply with those requests. (*Id.* ¶ 16.)

Third, Hamilton sets forth various facts about the dog park at Short Pump Park. She asserts that the County held a community meeting regarding the dog park, but that she did not receive notice of the meeting. She says that Albert Azzarone, who works for the County's Department of Recreation and Parks, sent emails expressing support for the dog park. According to Hamilton, the Board of Supervisors "vot[ed] without allowing citizen comments." (*Id.* ¶ 6.) When Hamilton tried to offer comments at the meeting, John Vitoulkas, the County Manager, asked her to explain her "nexus." (*Id.*) Hamilton alleges that the County acted in an "arbitrary and capricious" manner by installing a statue of a resident's dead dog at the dog park. (*Id.* ¶ 7.) Additionally, the County "did not check the State's registry of dangerous dogs prior to honoring dead dogs." (*Id.* ¶ 8.)

Fourth, Hamilton complains about the County's use of public funds. She says that the County claims to spend "meals tax" funds on schools, but actually uses the money to pay for "sports and artificial turf." (*Id.* ¶ 10.) Hamilton also alleges that the "Indian Association of Virginia" receives $25,000 from the County each year, which "gives the appearance that Tommy Branin is buying votes." (*Id.* ¶ 19.)

Finally, Hamilton asserts grievances related to noise, road maintenance, and the County's trash removal services. Hamilton says that she complained about noise at a nearby apartment complex, but a police officer told her that the County did not have "decibel measuring devices." (*Id.* ¶ 13.) She also alleges that the County ignored her "requests to cut weeds and pick up trash in ditches" on Kain Road (*id.* ¶ 14), but that residents in the River Road corridor benefit from frequent mowing and trash removal.

3

*C. The Alleged Discrimination Hamilton Suffers as a Low-Income Female Resident*

Hamilton contends that the County "has a history of gender discrimination." (*Id.* ¶ 17.) She cites a car accident she had in 1986 with a male motorist. Hamilton asserts that the police officer who responded to the accident "urged [her] not to file a police report." (*Id.*)

*D. Claims in the Amended Complaint*

Hamilton asserts the following claims: disturbance of the peace and noise (Count One); freedom of expression: hitchhiking (Count Two); gender discrimination and wealth discrimination under § 1983 (Count Three); discrimination in violation of Va. Code § 18.2-324 (Count Four); violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (Count Five); and gender discrimination in violation of Va. Code. § 15.2-2204 (Count Six).

## II. LEGAL STANDARD

The defendants have moved to dismiss the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) motions gauge the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears pro se, as Hamilton does here, courts do not expect the pro se plaintiff to frame legal issues with the clarity and precision expected from lawyers. Accordingly, courts construe pro se complaints liberally. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). This principle of liberal construction has its limits. *Id.* Courts do not need to discern the unexpressed intent of the plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

### III. <u>DISCUSSION</u>

#### *A. Claims Under § 1983*

In Counts One, Two, and Three, Hamilton asserts constitutional claims under 42 U.S.C. § 1983. Section 1983 provides a private cause of action against anyone "who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects . . . [the] citizen . . . to deprivation of any rights, privileges, or immunities under the Constitution and laws." 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege that the defendant acted under the color of state law and deprived the plaintiff of a right secured by the Constitution. *Brown v. Transurban USA Inc.*, 144 F. Supp. 3d 809, 833-34 (E.D. Va. 2015).

*1. Count One*

In Count One, Hamilton alleges that the County has failed to train its police officers to respond to noise complaints pursuant to § 1983.[2] Hamilton, however, does not plead that the officers' failure to respond to her noise complaints amounts to a violation of her federal rights. Moreover, Hamilton fails to allege that any of the defendants "personally took any actions that amounted to a constitutional violation." *Phillips v. Bryant*, No. 2:15-cv-3527, 2015 WL 11199167, at *4 (D.S.C. Oct. 1, 2015), *report & recommendation adopted*, 2016 WL 3941073 (D.S.C. July 21, 2016). Because Hamilton does not "affirmatively state facts indicating that a defendant acted personally in the deprivation of [her] constitutional rights," *id.*, the Court will dismiss Count One with prejudice.

*2. Count Two*

In Count Two, Hamilton asserts that County officials have violated her freedom of expression pursuant to § 1983. Specifically, she asserts that unnamed police officers have infringed on her freedom to hitchhike. "[T]he First Amendment protects expressive conduct as

---

[2] Although Hamilton does not cite any statutory or constitutional basis for her claim in Count One, she cites the Supreme Court's decision in *City of Canton v. Harris*, 489 U.S. 378 (1989). *City of Canton* governs municipal liability for failure to train employees under § 1983. The Court, therefore, construes Count One as a § 1983 municipal liability claim against the County for failure to train its employees. Hamilton, however, did not name the County as a defendant in the amended complaint. Even if Hamilton had named the County as a defendant, her failure to train claim would fail because she does not allege any facts to support a plausible cause of action against the County under *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). Under *Monell*, Hamilton must show that the County itself caused the deprivation of her rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). Specifically, Hamilton must plead facts showing that (1) she suffered a deprivation of her federal rights, and (2) the execution of the County's "policy or custom" inflicted the injury. *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). Hamilton does not plead facts showing that the County deprived her of any federal rights pursuant to a "policy or custom." *See id.* Moreover, Hamilton does not plead that any "subordinates actually violated [her] constitutional or statutory rights," so she does not state a failure to train claim. *Brown v. Mitchell*, 308 F. Supp. 2d 682, 701 (E.D. Va. 2004).

well as pure speech." *Willis v. Town of Marshall*, 426 F.3d 251, 257 (4th Cir. 2005); *see also Texas v. Johnson*, 491 U.S. 397, 404 (1989) ("[C]onduct may be 'sufficiently imbued with elements of communication to fall within the scope of the First and Fourteenth Amendments.'" (quoting *Spence v. Washington*, 418 U.S. 405, 409 (1974))).

As in Count One, Hamilton fails to allege in Count Two that any of the defendants personally deprived her of a federal right. *See Phillips*, 2015 WL 11199167, at *4. She asserts that unnamed police officers have stopped her and asked her for identification on unnamed dates. But she does not "affirmatively state facts indicating that a defendant acted personally in the deprivation of [her] constitutional rights." *Id.* Moreover, even if Hamilton could show that hitchhiking qualifies as expressive activity under the First Amendment,[3] she does not allege that police officers violated that right by occasionally stopping her and asking her for identification.[4] Accordingly, the Court will dismiss Count Two with prejudice.

### 3. Count Three

In Count Three, Hamilton asserts a violation of the Equal Protection Clause of the Fourteenth Amendment based on gender and class discrimination. The Equal Protection Clause of the Fourteenth Amendment prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The purpose of the

---

[3] *See City of Dallas v. Stanglin*, 490 U.S. 19, 25 (1989) ("It is possible to find some kernel of expression in almost every activity a person undertakes—for example, walking down the street or meeting one's friends at a shopping mall—but such a kernel is not sufficient to bring the activity within the protection of the First Amendment.").

[4] Courts have generally upheld constitutional challenges to laws prohibiting hitchhiking. *Cf. Banks v. Luttrell*, No. 07-2678-B, 2007 WL 3232089, at *2 (W.D. Tenn. Oct. 31, 2007) (holding that a police officer did not violate the plaintiff's constitutional rights when the officer arrested the plaintiff for hitchhiking in violation of Tennessee law); *Davis v. Town of Cicero*, No. 88 C 8128, 1990 WL 103289, at *1 (N.D. Ill. July 13, 1990) (dismissing a constitutional challenge to an Illinois law prohibiting hitchhiking).

[E]qual [P]rotection [C]lause . . . is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination." *King v. Rubenstein*, 825 F.3d 206, 220 (4th Cir. 2016) (alterations in original) (internal quotation marks omitted). "To succeed on an equal protection claim, a plaintiff must first demonstrate [1] that he has been treated differently from others with whom he is similarly situated and [2] that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "The plaintiff must plead sufficient facts to satisfy each of these requirements in order to state a cognizable equal protection claim." *Martin v. Duffy*, 858 F.3d 239, 252 (4th Cir. 2017).

Hamilton asserts that officials interrupted her at a community meeting based on her gender and class. Even assuming that she could adequately plead that officials treated her differently from others with whom she is similarly situated, Hamilton pleads no facts "plausibly identifying any discriminatory intent on the part of the . . . decision makers." *Equity in Athletics, Inc. v. Dep't of Educ.*, 639 F.3d 91, 108 (4th Cir. 2011). Because Hamilton fails to state an equal protection claim, the Court will dismiss Count Three with prejudice.

### B. Remaining Claims

#### 1. *Count Four*

In Count Four, Hamilton asserts that the County discriminates against her by failing to respond "to requests for road maintenance and improper manner of road maintenance" in violation of Va. Code § 18.2-324. (Am. Compl., at 17.) Section 18.2-324 imposes criminal liability for "throw[ing] or deposit[ing] . . . upon any highway any glass bottle, glass, nail, tack, wire, can, or any other substance likely to injure any person or animal, or damage any vehicle upon such

highway." Va. Code § 18.2-324 ("Any persons violating the provisions of this section shall be *guilty* of a Class 1 misdemeanor.").

Section 18.2-324, however, does not confer a private right of action to sue a municipality for failure to enforce the provision. Without clear legislative intent to provide a civil remedy, "a plaintiff cannot recover civil damages for an alleged violation of a criminal statute." *Brown v. Clements*, No. 3:15-cv-104, 2015 WL 5677296, at *9 (E.D. Va. Sep. 23, 2015) (dismissing a claim under Va. Code § 18.1-416). Hamilton, therefore, may not seek relief under Va. Code § 18.2-324. Accordingly, the Court will dismiss Count Four with prejudice.

### 2. *Count Five*

In Count Five, Hamilton asserts a claim under FOIA. *See* 5 U.S.C. § 552. FOIA requires federal agencies to "make their internal records available to the public upon request." *Coleman v. DEA*, 714 F.3d 816, 818 (4th Cir. 2013). FOIA, however, does not apply to state or local entities. *See Ladeairous v. Goldsmith*, No. 3:13-cv-673, 2015 WL 1787297, at *3 (E.D. Va. Apr. 15, 2015). Hamilton alleges that the County fails to respond to her information requests, but FOIA does not apply to the County. Because Hamilton fails to state a claim under FOIA, the Court will dismiss Count Five with prejudice.[5]

### 3. *Count Six*

In Count Six, Hamilton alleges that public officials discriminated against her because of her gender by not properly notifying her of public hearings in violation of Va. Code § 15.2-2204. Section 15.2-2204 does not provide a private right of action for notice challenges under the statute. "[F]ederal courts should be reluctant to read private rights of action into state laws where state

---

[5] Hamilton also cites the Virginia FOIA. *See* Va. Code §§ 2.2-3700 to 3714. To the extent that Hamilton seeks to enforce her rights under the Virginia FOIA, she should follow the procedures set forth in the Virginia Code. *See* Va. Code § 2.2-3713.

9

courts and state legislatures have not done so." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 229 (4th Cir. 2004). Because Hamilton does not identify any common law, statutory, or constitutional provision that would authorize the Court to grant her requested relief, she fails to state a claim in Count Six. Accordingly, the Court will dismiss Count Six with prejudice.

### C. *Futility of Amendment*

Federal Rule of Civil Procedure 15 directs courts to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts deny leave to amend if (1) amendment would prejudice the opposing party, (2) there has been bad faith, or (3) amendment would be futile. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012).

In this case, the Court has afforded Hamilton two opportunities to state an actionable claim for relief. Despite those opportunities, Hamilton's amended complaint continues to fall short. *See Field v. GMAC LLC*, 660 F. Supp. 2d 679, 690 (E.D. Va. 2008) ("[A]n amendment may be considered futile where [a plaintiff] ha[s] previously had two full opportunities to plead [her] claim."). Because any amendment would be futile, the Court declines to grant Hamilton leave to amend.

## V. CONCLUSION

Because Hamilton has failed to state any plausible claim for relief, the Court will dismiss this case with prejudice.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the pro se plaintiff.

Date: 28 February 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge